# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **REGINA JACKSON**, | )<br>)<br>) |
| Plaintiff, | ) **C.A. No.:**<br>) |
| v. | )<br>) |
| **ASHFORD UNIVERSITY**, | )<br>) **COMPLAINT AND DEMAND FOR**<br>) **JURY TRIAL** |
| Defendant. | ) |

## COMPLAINT

REGINA JACKSON ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ASHFORD UNIVERSITY ("DEFENDANT"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant regularly conducts business in the State of Delaware, thus, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

6. Plaintiff is a natural person residing in Wilmington, Delaware 19805.

7. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a corporation with its principal place of business located at 13500 Evening Creek Drive N #600, San Diego, California 92128.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this phone as a cellular telephone.

12. Beginning sometime in 2015 and continuing thereafter, Defendant placed repeated telephone calls to Plaintiff's cellular telephone number, often calling Plaintiff multiple times per week.

13. Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice when contacting Plaintiff.

14. Plaintiff knew that Defendant was using an automated telephone dialing system because the calls would begin with a pre-recorded voice: "Please hold" before the calls would be transferred to live agents.

15. Defendant's telephone calls were not made for "emergency purposes;" rather, Defendant was attempting to contact Plaintiff regarding their educational programs.

16. It was annoying and frustrating for Plaintiff to be called on her cellular telephone with such frequency.

17. Desiring to stop the repeated telephone calls, on more than one occasion in the fall of 2015 and 2016, Plaintiff spoke with Defendant's callers to advise them she no longer wanted to be contacted on her cellular telephone, and told Defendant she was not interested in their educational programs, thereby revoking any consent that may have been previously given to Defendant to contact her on this number.

18. Once Defendant was informed that that its calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

19. Defendant heard and acknowledged Plaintiff's instructions to stop calling her.

PLAINTIFF'S COMPLAINT

20. However, Defendant refused to update its records to restrict telephone calls to Plaintiff's cellular telephone.

21. Defendant continued to call Plaintiff on her cellular telephone multiple times per week.

22. After Plaintiff's requests to stop the calls were ignored by Defendant, she had no other reasonable alternative but to block calls from Defendant's phone numbers.

23. Upon information and belief, Defendant conducts business in a manner which violates the TCPA.

## **DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

24. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

25. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

26. Defendant's initiated these automated calls to Plaintiff using an automatic telephone dialing system.

27. Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

PLAINTIFF'S COMPLAINT

28. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

29. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

30. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

31. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

32. Defendant's calls to Plaintiff's cellular telephone were not made with Plaintiff's prior express consent.

33. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

34. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

35. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, REGINA JACKSON, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

    e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, REGINA JACKSON, demands a jury trial in this case.

PLAINTIFF'S COMPLAINT

RESPECTFULLY SUBMITTED,

Dated: August 19, 2016    By:*/s/ W. Christopher Componovo*
W. Christopher Componovo
Attorney ID #3234
Kimmel & Silverman, P.C.
Silverside Carr Executive Center
Suite 118, 501 Silverside Road
Wilmington, DE 19809
Phone: (302) 791-9373
Facsimile: (302) 791-9476

PLAINTIFF'S COMPLAINT